UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD E. GILBERT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-299 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff, Gerald E. Gilbert (#01236206), currently incarcerated at the Polunsky Unit of the Texas Department of Criminal Justice ("TDCJ"), has filed a complaint under 42 U.S.C. §1983. *See* Docket Entry No. 1 ("Complaint"). Plaintiff alleges that over the course of the last several years, various officials at the TDCJ violated his civil rights or failed to train others who violated his civil rights in treating him or assigning him jobs in the aftermath of an automobile accident in the parking lot of the Ramsey Unit in 2006. Plaintiff also alleges that officials at TDCJ took his property illegally in 2013 and did not allow him to exchange his mattress in February of 2014. Plaintiff has also filed for leave to proceed in forma *pauperis*. (Docket Entry Nos. 4, 7). After considering the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

**I.** **Background**

In 2006, Plaintiff alleges that he was involved in an automobile accident in the parking lot of the Ramsey I Unit. *See* Docket Entry No. 1 at 7. Plaintiff claims that he injured his lower lumbar spine and aggravated an existing injury of his cervical vertebrae. *Id.* Plaintiff claims that his injuries were not fully diagnosed by Dr. Julia Ward, who evaluated him at the time of the

1 / 6

accident and allegedly prescribed him naproxen and meloxicam without any follow-up to determine the extent or severity of the damage. *Id.* Plaintiff claims that he remained on those drugs for six years, until 2012, when Dr. Twana Smith gave him a routine physical and discovered that he had an irregular heartbeat, allegedly caused by the drugs he had been taking for his back. *Id.* Plaintiff alleges that Dr. Smith ordered x-rays on February 13, 2012. *Id.* He further alleges that Dr. Smith failed to update his medical restrictions on or around November 10, 2012, after she had ordered and reviewed his radiology report and had discovered the severity of his condition. *Id.* at 8.

On April 13, 2013, Captain Bobby Purvis allegedly made him sit on a concrete floor to wipe walls in the hallway, which Plaintiff claims caused him nerve system damage. *Id.* at 7. He also complains that Warden Mossbarger made all of the inmates on his wing sit on a concrete floor for 9-10 hours after the hall incident. *Id.* Plaintiff also complains that on May 9, 2013, Physician Assistant Erin Freeman refused to update his restrictions to show "sedentary work only," which allowed further orders for him to sit on concrete floors. *Id.* at 9.

Plaintiff also claims that on August 12, 2013, Justin B. Waterson, Property Manager at Ramsey I, illegally and inappropriately seized and confiscated his personal property of two coaxial cables, and that on February 6, 2014, Carla Joseph, Laundry Manager II, illegally failed to allow Plaintiff to exchange his lumpy mattress which aggravated his condition. *Id.* at 8. He further claims that on May 10, 2013, Senior Practice Manager Paul Strunk failed to authorize or obtain approval for Plaintiff to obtain an orthopedic mattress and stationary neck brace to help alleviate the pain caused by his condition. *Id.* On May 12, 2014, Plaintiff alleges that Sergeant Jovita Glanville would not let him sit down after he informed her that he could not stand for more than 45 minutes in line, and that she ordered him to stand up or be locked up. *Id.* at 9.

Plaintiff generally alleges that from 2004 to the present, TDCJ and Brad Livingston failed to train the Wardens, Officers, guards, employees, and contractors (University of Texas Medical Branch ["U.T.M.B."] and Texas Tech) on inmates' constitutional rights by allowing the abuses such as the ones to which Plaintiff claims he has been subjected. *Id.* at 8. He also generally alleges that from 2006 to the present, Executive Director Glenda Adams and Vice President Steven Smock, both of UTMB Correctional Managed Health Care, failed to train their subordinates in constitutional law and the civil rights of prisoners. *Id.* at 8, 9.

## II. Prison Litigation Reform Act

Plaintiff's Complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought *in forma pauperis* by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these reasons "at any time" "on its own motion or on the motion of a party" where the plaintiff proceeds *in forma pauperis.* 42 U.S.C. § 1997e(c); 28 U.S.C. §1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519 (1972). Under this standard, a court liberally construes a document filed *pro se. Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). "Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

### III. Discussion

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."). This means that the plaintiff had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Plaintiff's claims all involve incidents or injuries which accrued more than two years before he purportedly filed this case on October 27, 2016.[1] He knew or had reason to know of the injuries which form the basis for his complaint in 2006, when the accident occurred; and in 2012, when the heart irregularity was discovered; or at the time when the alleged events occurred at the prison in 2012, 2013, and early 2014. Plaintiff does not allege any basis for tolling the statute of limitations and the record Plaintiff attaches to his complaint does not disclose any. Claims

---

[1] Although Plaintiff dated his complaint as October 27, 2016, this case was not entered by the Clerk until January 30, 2017. *See* Docket Entry No. 1 at 1, 10. Either way, Plaintiff's claims are clearly outside of the limitations period.

brought that are plainly barred by the applicable statute of limitations are subject to dismissal as legally frivolous. *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Because Plaintiff clearly waited more than two years from the time his claims accrued to file suit, his complaint is untimely and will be dismissed as legally frivolous. *See id.*

IV. **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1. Plaintiff's motion to proceed *in forma pauperis* (Docket Entry Nos. 4, 7) is **GRANTED**. Plaintiff is not assessed an initial partial filing fee because he lacks sufficient funds. However, when Plaintiff's account reaches $10.00, the plaintiff shall begin to pay the full balance of the filing fee ($350.00) in periodic installments as required by 28 U.S.C. § 1915(b), and shall continue payments until the full filing fee is satisfied. The agency having custody of the plaintiff shall collect this amount from the plaintiff's inmate trust fund account or institutional equivalent and forward it to the Clerk of Court.

2. Plaintiff's Complaint (Docket Entry No. 1) is **DISMISSED** with prejudice as legally frivolous.

3. Plaintiff's Motion for Appointment of Counsel (Docket Entry No. 2) and Motion for a Preliminary Injunction (Docket Entry No. 3) are **DENIED**.

4. All other pending motions, if any, are **DENIED**.

5. This dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum and Order to the parties. The Clerk will also provide a copy by e-mail to the District Clerk for the Southern District of Texas, Houston Division, Attention: Manager of the Three-Strikes List, at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, this 19th day of April, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE